# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWIN JAMES CHAMBERS, | ) | 1:09-cv-00225 AWI GSA |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING DISMISSAL OF ACTION |
| | ) | |
| DONALD SHAVER, Judge, and STANISLAUS COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Edwin James Chambers ("Plaintiff") is incarcerated in Mule Creek State Prison. Proceeding pro se and in forma pauperis, he filed the instant action on February 4, 2009. For the reasons stated below, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

B.  Allegations

Plaintiff is incarcerated in state prison following his plea in 2006 in proceedings held before the Stanislaus County Superior Court. He attempts to bring this section 1983 action against Judge Donald Shaver and Stanislaus County as Judge Shaver's employer. More particularly, he alleges that Judge Shaver violated the plea agreement by imposing a $5,000.00 restitution fine because the plea agreement called for, and Plaintiff agreed to pay, $100.00 in restitution. (Comp., at 3, ¶ 4.)

Plaintiff seeks relief in the form of an order requiring the sentencing court to follow the plea agreement, or, in the alternative, a new trial. Further, he seeks to have the $5,000.00 fine "removed." (Comp., at 3, ¶ 5.)

C.  Analysis

1.  *Immunity*

State court judges and prosecutors are immune from liability under 42 U.S.C. § 1983. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under § 1983); *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). Therefore, Defendant Shaver is entitled to immunity.

2.  *Municipalities & State Governments*

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which the complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, the requisite causal connection can be established not only by some kind of direct personal participation, but also by setting in motion a series of acts by other which the actor knows or reasonably should know would cause others to inflict the constitutional injury. *Id*.  This standard of causation ". . . closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. International Bus. Mach. Corp*., 637 F.2d 1350, 1355 (9th Cir. 1981).

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003); *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  *Gibson*, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.  *Gibson*, at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  *Id*.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." *Id*.

Plaintiff has failed to state a § 1983 claim against Stanislaus County because he has failed to allege that a deliberate policy, custom, or practice was the moving force behind the constitutional violation suffered, or that local government unit's omission led to the constitutional violation by its employee.

1  Plaintiff names "Stanislaus County, (Employer)" in his caption (Comp., at 1), and
2  "Stanislaus County as the Employer of Donald Shaver" under "Additional Defendants" (Comp.,
3  at 3, ¶3, B) in his Complaint filed February 4, 2009.  Yet, even in the event Plaintiff could
4  overcome the limitations imposed as outlined in the aforementioned discussion, Stanislaus
5  County is entitled to immunity.
6  To the degree Plaintiff intended to name the Stanislaus County Superior Court in
7  particular, Defendants which are state entities are entitled to immunity under the Eleventh
8  Amendment to the federal Constitution.  The Eleventh Amendment provides that "[t]he Judicial
9  power of the United States shall not be construed to extend to any suit in law or equity,
10 commenced or prosecuted against one of the United States by Citizens of Another State, or by
11 Citizens or Subjects of any Foreign State."  The United States Supreme Court has noted: "The
12 [Eleventh] Amendment . . . enacts a sovereign immunity from suit, rather than a nonwaivable
13 limit on the federal judiciary's subject matter jurisdiction."  *Idaho v. Couer d'Alene Tribe*, 521
14 U.S. 261, 117 S.Ct. 2028, 2033 (1997).
15 The Eleventh Amendment bars suits against state agencies as well as those where the
16 state itself is named as a defendant.  *See Puerto Rico Aqueduct & Sewer Authority v. Metcalf &*
17 *Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Natural Resources Defense Council v. California Dept. of*
18 *Transportation*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Coop.*,
19 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Lucas v. Department of Corrections*, 66 F.3d 245,
20 248 (9th Cir. 1995) (per curiam) (Board of Corrections is agency entitled to immunity); *Taylor v.*
21 *List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Nevada Department of Prisons was a state agency
22 entitled to Eleventh Amendment immunity).
23 Thus, because the Stanislaus County Superior Court is a state agency, it is immune from
24 this suit.
25 3. *Rooker-Feldman Doctrine*
26 To the extent that Plaintiff is requesting that this Court review the state court proceeding,
27 this Court lacks jurisdiction to do so.  Federal courts lack jurisdiction to review or modify state
28 court judgments under the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Company*, 263

U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. at 482. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under [42 U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'" *Gottfried*, 142 F.3d at 330 (citing 28 U.S.C. § 1738).

"Federal district courts lack subject matter jurisdiction to review such final adjudications or to exclude constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Valenti v. Mitchell*, 962 F.2d 288, 296 (3rd Cir. 1992) (quoting *Feldman*, 460 U.S. at 483, n. 16). This rule applies to "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 483-487 & n. 16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413; *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional). Thus, "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994).

Therefore, this Court may not review the judgment of the Stanislaus County Superior Court in a § 1983 action.

    4.    *Additional Section 1983 Requirements*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

    Constitution . . . shall be liable to the party injured in an action at
law, suit in equity, or other proper proceeding for redress.

  Plaintiff names Stanislaus County as a Defendant.  The County of Stanislaus is not a "person" under section 1983.

  Plaintiff's complaint therefore fails to state a claim for which relief may be granted, and he cannot cure these deficiencies by amendment.  Therefore, the Court finds that the action should be DISMISSED WITHOUT LEAVE TO AMEND.

## **RECOMMENDATION**

  Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

  These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  IT IS SO ORDERED.

  Dated: **February 17, 2009**     **/s/ Gary S. Austin**
                 UNITED STATES MAGISTRATE JUDGE